No. 49          April 29, 2014          375

IN THE OREGON TAX COURT
REGULAR DIVISION

OAKMONT LLC,
*Plaintiff,*

*v.*

CLACKAMAS COUNTY ASSESSOR
and Department of Revenue,
*Defendants.*

(TC 5178)

Plaintiff (taxpayer) appealed from a Magistrate Division decision where Defendant (the department) had decided that it would not exercise supervisory jurisdiction pursuant to ORS 306.115 in respect of certain property of taxpayer (the subject property). Both the department and Defendant Clackamas County Assessor (the county) opposed the assertion of taxpayer that in deciding not to exercise supervisory jurisdiction, the department abused its discretion. Granting taxpayer's motion for summary judgment, the court ruled that as agreement of parties need only indicate a likelihood of an error having occurred, and it need not conclusively establish the existence of an error, the approach and conclusion of the department's hearing officer was clearly wrong, and the product of an abuse of discretion.

Oral argument on cross-motions for summary judgment was held January 21, 2014, in the courtroom of the Oregon Tax Court, Salem.

Jack L. Orchard, Ball Janik LLP, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant Department of Revenue (the department).

Kathleen J. Rastetter, Assistant County Counsel, Oregon City, filed the cross-motion for Defendant Clackamas County Assessor (the county).

Decision for Plaintiff rendered April 29, 2014.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This matter is before the court on cross-motions for summary judgment. Plaintiff (taxpayer) appealed from a decision of Defendant (the department) that it would not exercise supervisory jurisdiction pursuant to ORS 306.115 in respect of certain property of taxpayer (the subject property). Both the department and Defendant Clackamas County Assessor (the county) oppose the assertion of taxpayer that in deciding not to exercise supervisory jurisdiction, the department abused its discretion.

## II.   FACTS

The subject property is a large apartment complex. The property was built in 1996. The year in question is the 2008-09 tax year. From the actions of the county in assessing the subject property as of January 1, 2008, taxpayer took no appeal under the statutory appeal procedures.

Taxpayer filed its petition with the department seeking relief under ORS 306.115 on June 9, 2011. Certain material was submitted to the hearing officer for the department and a supervisory hearing was held on December 15, 2011. By the time of the petition for the 2008-09 year and well before the supervisory hearing, taxpayer had timely appealed the valuation of the subject property for the immediately succeeding 2009-10 tax year.

The initial real market value (RMV) for the subject property determined by the county for the 2009-10 tax year was $21,756,425.[1] Before the Board of Property Tax Appeals (BOPTA), the county had recommended that the RMV be reduced to $15,882,496. An analysis by a county appraiser reached this conclusion based on an income indicator of value but also noted that there was pending litigation regarding design and construction defects at the property. The county appraiser also stated that he would "rely on the lower contractor's bid of $5 million to correct the defects in the construction as the measure of cost to cure for purposes of estimating market value for the BOPTA appeal."

---

[1] These record citations are to the record designations to which all parties agreed as the citations to the record before the department.

Taxpayer asserted in the BOPTA proceeding and thereafter that the RMV was substantially lower than that recommended to the BOPTA by the county. In connection with litigation in this court, the county appraiser concluded that a determination of RMV would have to take into account rehabilitation costs, rent loss, and risk and further reduced his opinion of "as-is" value to $ 13,065,000. The dispute as to the value of the property as of January 1, 2009, was ended with a stipulated judgment that the RMV of the property on that date was at the even significantly lower figure of $8,500,000. This constituted a reduction from the original roll value of approximately 60 percent.

At the supervisory hearing on this matter, the county limited its participation to a statement by the assessor that the material from the county files for the appeal of the 2009-10 year was accurate ("these records do stand") but that "for 2008 there was not a timely appeal and as I stated the County's position in these cases is in fact, you know, we don't agree to facts for 2008, we didn't have any facts. There wasn't a timely appeal so we just stand by that."

## III.   ISSUE

Did the department abuse its discretion in determining that it would not take supervisory jurisdiction over this matter?

## IV.   ANALYSIS

No party disputes that the standard of review in this case is for abuse of discretion by the department in deciding, on the basis of the record before the department, that it would not take supervisory jurisdiction of this matter.

That standard of review is difficult to satisfy, but a petitioner can do so if it is shown that the action of the department is arbitrary, capricious, or clearly wrong.

The court cannot conclude that the actions of the department were arbitrary or capricious. As to whether they were clearly wrong, the question is whether on the basis of the record he had before him, the hearing officer was clearly wrong. To overcome his decision, taxpayer needs to show he was clearly wrong about whether, as stated in the

department's rule: "the parties to the petition *agree* to facts which *indicate* it is *likely* that an error exists on the roll." OAR 150-306.115 (emphases added).

The case law clearly establishes that the parties need not agree that there was an error on the roll. The agreement need only be as to facts so indicating. *Ghazi-Moghaddam v. Dept. of Rev.*, 20 OTR 288 (2011). The court also observes that the agreement is in the present tense. It is not required that it be shown that the parties agreed in the past. The agreement need only indicate a likelihood of an error having occurred, it need not conclusively establish the existence of an error. Finally, a fact that is agreed to, but which occurred either before or after the entry on the roll of the value in question is still a fact that can likely indicate an error.

The hearing officer at the supervisory hearing looked at the record before him and concluded that the assessor "did not agree to any of the 'facts' verbally proffered concerning the condition of the property as of January 1, 2008." He went on to acknowledge that the assessor or his appraiser had recognized that construction defects had been discovered but discounted that, observing that the "statements do not specify the nature or extent of the construction defects ***. Since there is no agreement as to the condition of the property as of January 1, 2008[,] the agreed fact that an investigation was conducted is not an indication of a likely error on the roll."

The hearing officer observed finally that:

"The only relevant agreement is an ambiguous statement in a county appraisal prepared three years (February 11, 2011) after the date of value for the tax year in question. That statement does not account for conditions that existed at the date of value with sufficient specificity to indicate a likely error on the roll. The record indicates knowledge and the extent of the condition of the property was not known for the tax year in question as of the January 1, 2008[,] valuation date."

The approach and conclusion of the hearing officer was clearly wrong. In the record before him there was an appraisal of the property conducted by the county that acknowledged and premised its conclusion of value on the

existence of very significant construction or design defects in the property. While those were discussed in 2011, they constitute an agreement by the county that defects in design or construction had occurred. Those defects would have occurred at or about the time of the construction of the property, that is in 1996.

Moreover, the hearing officer had in his record a stipulated judgment to which the county agreed and which set the value of the property as of January 1, 2009, at a 60 percent discount from the roll value of the property. The record before the hearing officer indicated no reason for such a discount, other than the effects of construction or design defects that had occurred years before not only the 2009-10 year but also years before the 2008-09 year.

The county's attempt to vitiate that agreement by saying that it did not, at the supervisory hearing, agree to facts misses the point. As taxpayer has argued, the county had already agreed to critical facts. The appraisal was prepared and submitted to this court and the stipulated judgment was issued long before the supervisory hearing.

Nor are the acknowledgments or agreements equivocal. They were contained in an appraisal report submitted to this court by two people purporting to be appraisal experts submitting a report for the purpose of helping this court reach a determination of value. Although it is the case that the litigation was as to the immediately subsequent year (2009-10), the relevant fact was the existence of design or construction defects for a property constructed several years before the 2008-09 year.

The hearing officer concluded that knowledge of the extent of any defects must not have existed prior to January 1, 2008. However, nothing in the department's rule requires that parties agree on facts that were known or even knowable as of a valuation date. The requirement is that there be agreed upon facts indicating a likelihood of an error existing on the roll. OAR 150-306.116(4)(b). The agreement to which the rule makes reference can occur, and often does occur, after a valuation date has passed.

The county clearly agreed that construction and design defects existed and affected value as of January 1, 2009. The county also implicitly, if not explicitly, agreed that the defects dated from the time of construction in 1996. This much more than likely indicates that there was an error in the roll value and RMV as of January 1, 2008—a roll value that did not take into account or reflect any reduction in value attributable to the construction or design defects affecting the subject property.

Nor is there anything in the record that would suggest that a 60 percent reduction in value of the subject property from the 2008-09 year to the 2009-10 year was the product of general market changes or other factors. Nor is this is a case where the value differences are minor.

The conclusion reached by the hearing officer was clearly wrong and the product of an abuse of discretion. It is much more than likely that the roll value for the property for the 2008-09 year was in error. The question of the extent of that error is a question to be addressed in a merits hearing on the matter by the department.

## V.   CONCLUSION

The motion of taxpayer is granted and the cross-motions of the department and the county are denied. The matter is remanded to the department for the purpose of holding a merits hearing. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Defendants' Cross-Motions for Summary Judgment are denied.